20193. BOYKIN v. THE STATE.

DUCKWORTH, Chief Justice. 1. The State's evidence against the accused, Claude Boykin, charged with the slaying of his wife, Willie Ruth Boykin, showed that she died from stab wounds apparently inflicted with a knife; that, upon his arrest, the accused told the arresting officer that he left the knife with which he stabbed her at his father's house, and the officer went there and got the knife, which had blood on it. The knife was introduced in evidence. The mother of the deceased testified that the accused and deceased left her house together; that she looked out and the accused was on top of the deceased; that the deceased came to the steps bleeding, fell and died, and, just before dying, said: "Claude has stabbed me." This evidence abundantly supports the verdict of guilty of murder and there is no merit in the general grounds of the motion for new trial.

2. The first amended ground is obviously incomplete and, indeed, presents nothing for review. It is as follows: "Because the following evidence was as having a part of res gestae. 'Q. Ask Marie Shackleford how long they had been out thereof that door before Willie Ruth came back up cussing? A. Oh, its about—Mr. Staples: Your Honor, I object to that. I like to have a ruling on that. I object to what her sister told her out of the presence of the defendant'." Then follows a statement by the solicitor-general that he expected to show it was a part

of the res gestae. The court said: "It's part of the res gestae." Then the solicitor said that the cutting took place and she came in and said who cut her. The court said: "I think it would be a part of the res gestae." It is apparent that the testimony objected to was not inadmissible, and the testimony referred to by the solicitor-general and trial judge does not appear to have been objected to. This ground is without merit.

3. The other amended ground, while containing irrelevant matter, appears to contain an objection to the introduction in evidence of the knife which the State's witness identified as the one the accused told him he used and which he found where the accused told him he left it. The objection was upon the ground that it had not been properly identified as being the knife with which the deceased was cut to death. There is no merit in this ground. The court did not err in denying the amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958.

*Earl Staples, R. J. Brown,* for plaintiff in error.

*Wright Lipford, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.